NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000914
12-DEC-2018
07:56 AM

NO. CAAP-18-0000914

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY, Defendant-Appellant,

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DCW-17-0003264)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Upon review of the record of district court criminal case number 3DCW-17-0003264 and the resulting appeal in appellate court case number CAAP-18-0000914, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016). In this appeal, Defendant-Appellant Alfred Napahueluna Spinney (Spinney), pro se, appeals from the Honorable M. Kanani Laubach's November 23, 2018 interlocutory order regarding the forfeiture of Spinney's bail and requiring Spinney to appear in district court on January 29, 2019, for a bail forfeiture status hearing, related to Plaintiff-Appellee State of Hawaii's (the State) December 4, 2017 complaint against Spinney for criminal contempt of court in violation of HRS § 710-1077 (2014 & Supp. 2017). Under these circumstances, the dismissal of

this appeal is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawaiʻi 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawaiʻi Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawaiʻi 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawaiʻi Rules of Penal Procedure.

In the instant appeal, the November 23, 2018 interlocutory order is not a final judgment that ends the proceedings, and, thus, it is not independently appealable under HRS § 641-12(a). Instead, the November 23, 2018 interlocutory order will be eligible for appellate review by way of a timely appeal from a future appealable final judgment under the principle that, "[a]s a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." State v. Adam, 97 Hawaiʻi 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). The district court has not yet entered a final judgment on the State's original December 4, 2017 complaint for criminal contempt of court in violation of HRS § 710-1077, and, thus, we lack appellate jurisdiction over this appeal.

We further note that although the November 23, 2018 order forfeits $150 in cash bail, it is not an order denying a request to set aside a bail forfeiture judgment. Thus, this appeal is not authorized under HRS § 804-51.

2

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000914 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, December 12, 2018.

Chief Judge

Associate Judge

Associate Judge

3